**UNITED STEELWORKERS OF AMERICA, AFL–CIO, CLC, Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent,**

**COOPER HAND TOOLS, Division of Cooper Industries, Inc., Intervenor.**

No. 99–71109.

NLRB Nos. 5–CA–24746, 5–CA–24938, 5–CA–25271, 5–CA–25436, 5–RC–14076.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 14, 2001.

Decided March 29, 2001.

Before B. FLETCHER, FERNANDEZ, and PAEZ, Circuit Judges.

MEMORANDUM *

The United Steelworkers of America, AFL–CIO, CLC ("Union") petitions for review of an order of the National Labor Relations Board ("Board"), in which the Board affirmed most of the findings and remedies proposed by the Administrative Law Judge ("ALJ") but rejected the ALJ's recommendation for a *Gissel* bargaining order against Cooper Hand Tools ("Company"). *See NLRB v. Gissel Packing Co.*, 395 U.S. 575, 89 S.Ct. 1918, 23 L.Ed.2d 547 (1969). The Board explained its refusal to issue the bargaining order on the grounds that the order would be unenforceable giv-

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

en the "long and unjustified delay of the case here at the Board." *Cooper Hand Tools*, 328 NLRB No. 21, *3 (April 30, 1999). The Union alleges that the Board violated its established policy and legal precedent by considering the issue of delay when it had not been raised below. We disagree and deny the petition.

We have jurisdiction pursuant to 29 U.S.C. § 160(f). We will not set aside a remedial order by the Board unless there is "clear abuse of discretion." *Calif. Pacific Medical Center v. NLRB*, 87 F.3d 304, 311 (9th Cir.1996) (internal quotation marks and citation omitted). Although the "Board is not strictly bound by its prior cases," it has "a duty to explain departures from established agency policy." *NLRB v. Albert Van Luit & Co.*, 597 F.2d 681, 686 n. 3 (9th Cir.1979) (citing *Atchison, Topeka & Santa Fe Railway Co. v. Wichita Board of Trade*, 412 U.S. 800, 808, 93 S.Ct. 2367, 37 L.Ed.2d 350 (1973)).

The Union emphasizes that it is not challenging the general policy of the Board to consider delay as a factor in its decision to issue or not issue a bargaining order. Rather, the Union claims that Board policy and precedent permit such consideration only if the issue was raised by a party below. It asserts that any departure from this policy would require a more thorough explanation than that given by the Board in this case.[1]

We find that the Board's decision does not conflict with its established policy or precedent. The Union relies principally on the Board's decision in *Bonham Heating & Airconditioning*, 328 NLRB No. 61, *4 n. 20 (May 19, 1999) ("Board has no affirmative duty to examine employee turnover or passage of time if not timely raised," citing *Charlotte Amphitheater Corp. v. NLRB*, 82 F.3d 1074, 1080 (D.C.Cir.1996)) and a recent decision of the D.C. Circuit in *Traction Wholesale Center Co., Inc. v. NLRB*, 216 F.3d 92, 108 (D.C.Cir.2000) (Board need not consider the effect of employee turnover when the employer did not raise the issue before the ALJ or the Board). The Union, however, confuses "no affirmative duty to consider" with "an affirmative duty not to consider." The Board's decision in this case to consider sua sponte the issue of delay does not contradict the principle set forth in *Bonham* and *Traction* that the Board is under no obligation to consider this issue sua sponte.

Second, even if we were to interpret *Bonham* and *Traction* as creating an affirmative duty not to consider employee turnover or delay sua sponte, the much longer delay in the instant case distinguishes it from the others. The delay here between the ALJ decision and the Board decision was 37 months compared to 20 months in *Bonham* and only 10 months in *Traction*. The length of this delay increases the likelihood that circumstances may have changed such that the employees' right to freely select their bargaining representa-

---

1. The Board's policy of considering employee turnover and the passage of time is a reversal of its previous policy that it would not consider such factors. The previous policy was upheld by this circuit in *NLRB v. Bakers of Paris, Inc.*, 929 F.2d 1427, 1448 (9th Cir.1991), but rejected by other circuits, most notably the D.C. Circuit. *See Charlotte Ampitheater Corp. v. NLRB*, 82 F.3d 1074, 1078 (D.C.Cir.1994) (requiring the Board to evaluate factors such as "the passage of time or turnover in the work force" in its decision whether or not to issue a bargaining order). We need not revisit our decision in *Bakers of Paris* because neither party has raised the issue of whether the Board is *compelled* to consider employee turnover and the passage of time. The only issue before us is whether the Board violates its policy or precedent by electing to consider these factors when they were not raised before the ALJ.

tive would be better served by a new election.

Given that sua sponte consideration of delay by the Board does not violate its established policy or precedent, we need not address whether the Company's motion to reopen the record was sufficient to raise the issue before the Board.

PETITION DENIED.